Case 1:06-cv-02306-RLV   Document 2   Filed 10/16/06   Page 1 of 5

FILED IN CHAMBERS
U.S.D.C. Rome

OCT 16 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JEFFREY VILLINES, INMATE NO. 1157492,<br>    Plaintiff,<br><br>v.<br><br>THE HONORABLE ANNE WORKMAN; DISTRICT ATTORNEY GWENDOLYN KEYES FLEMING; and DETECTIVE D.D. HAMILTON,<br>    Defendants. | CIVIL RIGHTS COMPLAINT<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:06-CV-2306-RLV |

## ORDER

Plaintiff has filed the instant pro se civil rights action and paid the $350.00 filing fee. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual

AO 72A
(Rev.8/82)

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

2

II.   Discussion

    A.   Plaintiff's Allegations

Plaintiff states that on September 11, 2002, he was arrested and charged with trafficking in cocaine. (Doc. 1 at ¶ V). Plaintiff alleges that on March 11, 2003, Defendant Fleming, District Attorney for DeKalb County, Georgia, fabricated evidence and presented a void indictment in open court. (Id.). As best as can be determined, Plaintiff claims that Fleming obtained the indictment without having witnesses testify before the grand jury that Plaintiff was trafficking in cocaine on the day of his arrest. (Id.). Somewhat confusingly, Plaintiff also alleges that Fleming failed to convene the grand jury. (Id.). Plaintiff provides a letter from the District Attorney's Office which informed him that "Grand Jury proceedings are not recorded. . . ." (Doc. 1, Exh. A). Plaintiff alleges that, as a consequence of Fleming's actions, he was coerced into pleading guilty. (Doc. 1 at ¶ V; Exh. A)

Plaintiff alleges that Defendant Hamilton, a DeKalb County detective allegedly "gave false testimony [to the grand jury] that Plaintiff trafficked in cocaine on the date of Plaintiff's arrest." (Doc. 1 at ¶ V). Plaintiff states that "no warrants were issued to search the residence of Plaintiff, but warrants were issued

3

to search the residence of . . . Plaintiff's co-defendant. . . ." (Id.). Plaintiff appears to claim that no cocaine was found at his co-defendant's home. (Id.).

Plaintiff claims that Defendant Workman, a Judge of the Superior Court of DeKalb County, "departed from" her "judicial role" by "denying Plaintiff's petition for a writ of mandamus . . . before the Respondent file[d] a responsive pleading." Allegedly, the DeKalb County Sheriff's Office served the petition on August 14, 2006, and Judge Workman dismissed the petition on August 29, 2006. (Id.).

Plaintiff seeks $10,000.00 from each Defendant. (Id. at ¶ VI). Plaintiff also seeks a trial by jury. (Id.).

B.     Analysis of Plaintiff's Allegations

With regard to Judge Workman, it is well-established that judges are immune from lawsuits for damages "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). This immunity applies to proceedings under 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547 (1967).

Similarly, Prosecutors enjoy "absolute immunity" from money damages for malicious prosecution when they perform their "role as an advocate." Kalina v.

4

Fletcher, 522 U.S. 118, 127 (1997). It is clear from the facts alleged by Plaintiff, that Defendant Fleming was acting as an advocate on behalf of the State. Accordingly, Plaintiff's demand for money damages against Defendant Fleming must be denied.

Plaintiff also alleges that Defendant Hamilton committed perjury when he testified before the grand jury. The Supreme Court has previously held that money damages cannot be recovered from police officers who have committed perjury because they "are absolutely immune from damages liability based on their testimony." Briscoe v. LaHue, 460 U.S. 325, 326 (1983). Thus, Plaintiff's claim against Defendant Hamilton should also be dismissed.

III.   Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this 16th day of OCT., 2006.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE